UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al., | ) ) ) ) ) ) CASE NO. C14-0334-MAT |
| Plaintiffs, | ) ) ORDER GRANTING |
| v. | ) PLAINTIFFS' MOTION FOR ) SUMMARY JUDGMENT |
| ACE PAVING CO., INC., | ) ) |
| Defendant. | ) ) |

Plaintiffs, consisting of three trust funds and a local union, move the Court for summary judgment against defendant Ace Paving Co., Inc. ("Ace Paving"). (Dkt. 6.) This matter was brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. (ERISA) and Section 301(a) of the Taft-Hartley Act, 29 U.S.C. § 185(a), to recover delinquent trust fund contributions, union dues, Union Program (UP) fund payments, liquidated damages, interest, attorney's fees, and costs.

ORDER GRANTING
SUMMARY JUDGMENT
PAGE -1

01        Plaintiff Local 302 of the International Union of Operating Engineers ("Local 302) is an

02 employee organization within the meaning of ERISA.   Defendant Ace Paving Co., Inc. ("Ace

03 Paving") employs members of a bargaining unit represented by Local 302 and is bound by a

04 compliance, collective bargaining, and trust agreements requiring it to report and pay monthly

05 contributions, union dues, and UP payments for eligible employees to plaintiffs.  (*See* Dkt. 7,

06 Exs. A-E.)  The trust agreements contain terms as to damages owed as a result of any

07 delinquent contributions, as well as attorney's fees and costs.   (*Id.*)

08        Plaintiffs now seek delinquent contributions, union dues, UP payments, and associated

09 damages, attorney's fees, and costs for the period of December 2013 through March 2014.

10 They attach remittance reports from defendant for the months in question and a spreadsheet

11 showing the amounts owed, due dates, and calculations of liquidated damages and interest.

12 (*Id.*, Exs. F-G.)   Plaintiffs note that interest will continue to accrue, and that they will submit

13 attorney's fees and costs amounts to the Court if summary judgment is granted.

14        In its answer to plaintiffs' complaint, defendant acknowledges the existence of the

15 collective bargaining and trust agreements, but denies any specific obligations as a result of

16 those agreements and denies the enforceability of any clauses requiring payment of liquidated

17 damages or interest.  (Dkt. 4.)  Defendant did not oppose plaintiffs' motion for summary

18 judgment.  The Court, for the reasons described below, finds plaintiffs entitled to summary

19 judgment.

20        Summary judgment is appropriate when a "movant shows that there is no genuine

21 dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

22 R. Civ. P. 56(a).  The moving party is entitled to judgment as a matter of law when the

ORDER GRANTING
SUMMARY JUDGMENT
PAGE -2

nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

ERISA obligates participating employers to make contributions to a multi-employer trust fund in accordance with the contract and trust agreement. ERISA Section 515, 29 U.S.C. § 1145. ERISA provides specific mandatory remedies for delinquent contributions, including, in addition to the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. § 1132(g)(2). Defendant also signed collective bargaining and trust agreements requiring the payment of union dues and UP payments, and containing terms as to damages owed as a result of delinquent contributions.

In this case, using defendant's remittance reports, plaintiffs calculate total trust fund contributions owed in the amount of $1,340.32 and union dues and UP payments in the amount of $82.89 for the period of December 2013 through March 2014. (Dkt. 7, ¶ 21 and Exs. F & G.) Plaintiffs further calculate that defendant is obligated to pay liquidated damages in the amount of $328.47 and interest, through May 13, 2014, in the amount of $27.15. (*Id.*)

The Court finds no issues of fact regarding either the enforceability of the collective bargaining and trust agreements at issue in this case or plaintiffs' entitlement to the total amount of delinquent trust fund contributions, union dues, UP payments, liquidated damages, and interest sought, as well as to plaintiffs' entitlement to attorney's fees and costs. Accordingly, plaintiffs' motion for summary judgment (Dkt. 6) is hereby GRANTED and plaintiffs awarded the amounts requested, and attorney's fees and costs in an amount to be determined. However,

01 because plaintiffs calculated the amounts described above as of May 13, 2014, a revised

02 accounting may now be in order. Plaintiffs must also submit a total amount of attorney's fees

03 and costs requested. Plaintiffs shall submit such information within **ten (10) days** of the date

04 of this Order.

05       DATED this 26th day of June, 2014.

07       _____

08       Mary Alice Theiler
         Chief United States Magistrate Judge